BULAH FRENCH versus JAMES CROSBY.

The Judge of Probate has no power to assign dower to the widow out of any lands purchased of the husband during his lifetime, or where an heir or devisee, or person claiming title under an heir or devisee, disputes her right of dower in such lands.

It was not intended, that any question of title should be submitted to the decision of the Judge of Probate.

In determining whether the Probate Court has power to assign dower anew to a widow who has been " evicted of lands assigned to her as her dower," the fourteenth section of Rev. Stat. c. 95, should be considered in connexion with the second section of the same statute.

ON March 29, 1842, Bulah French presented her petition to the Probate Court in this county, alleging that on August 30, 1831, her dower in the estate of her late husband, Zadock French, deceased, was assigned to her by proceedings in the Court of Probate, and that she went into possession thereof; that on March 29, 1842, she was evicted from a portion thereof by force of a mortgage made by her late husband, she having released her claim to dower in the mortgage deed; and prayed that a new assignment of dower might be made. Notice was ordered, and James Crosby appeared, and objected to the assignment:

1. Because her dower had been once legally assigned; that at the time of the assignment, the petitioner had full knowledge of the incumbrance of the mortgage; that the estate of Zadock French was solvent, and the administrator had abundant funds in his hands to have redeemed this mortgage; that her remedy was by taking measures seasonably to have had the incumbrance removed; and that she ought not to have an assignment of dower in the estate of which the said Crosby had become a bona fide purchaser, deriving his title from the intestate and from his heirs at law.

2. Because the Probate Court had no jurisdiction of the subject matter.

3. Because she had not surrendered, or waived her rights to the other lands assigned to her as part of her dower.

After notice and a hearing, the Judge of Probate decided,

that the prayer of the petitioner should not be granted ; from which she appealed to the Supreme Court of Probate, and filed as reasons :

1. Because the facts set forth in her petition are proved to be true, and she is thereby entitled to be endowed anew, according to the provisions of Rev. Stat. c. 95, § 14.

2. Because the jurisdiction over the subject matter is vested exclusively in the Probate Court.

3. Because this is the most appropriate mode of proceeding to obtain relief.

4. Because the respondent is not rightly before the court as an adverse party, as he claims by title subordinate to the rights of the petitioner.

5. Because her present claim to have a new assignment of dower, is not disputed by heirs or devisees of the said Zadock French.

This case was to have been argued in writing, but no arguments have been furnished.

*Moody,* for the petitioner.

*J. A. & H. V. Poor,* for the respondent.

The opinion of the Court was drawn up by

SHEPLEY J. — This is an appeal from the Court of Probate for this county. It appears that dower was assigned to the petitioner out of the real estate, of which her late husband died seized, by the Probate Court on August 30, 1831, and that she entered upon and continued in the enjoyment of it until March 29, 1842, when she was evicted from a part of it by virtue of a mortgage made by her late husband, in which she joined to relinquish her dower. She now seeks to have her dower assigned anew by the Probate Court. The respondent appeared in that court, and denied her right to have dower assigned anew in lands purchased by him in part from the husband during his life, and in part from his heirs at law, since his decease. The petitioner relied upon the provisions of the statute, c. 95, § 14, in these words. "If a woman be lawfully evicted of lands assigned to her as her dower, or settled upon

her as jointure, or be deprived of the provision made for her by will, or otherwise, in lieu of dower, she may be endowed anew in like manner, as though no such assignment or provision had been made." This section must be considered in connexion with the second section of the same chapter, which provides, that "the Judge of Probate for the county, in which the estate of the husband is settled, may assign dower to the widow in the lands of which the husband died seized in whatever counties they may be, where her right of dower is not disputed by the heirs or devisees." It is quite certain, that the Judge of Probate could have no power to assign dower to the widow out of any lands purchased of the husband during his lifetime, for of such lands he did not die seized. The history of the statute law by virtue of which Judges of Probate assigned dower in lands, of which the husband did die seized, is stated in the case of *Sheafe* v. *O'Neil*, 9 Mass. R. 9. In that case it is said, "but in contested cases, and especially where the intestate was not at his death the tenant of the fee, where his heirs have no interest or concern in the assignment of dower, and where strangers, not presumed to be conusant of the proceedings in the Probate Court, have the whole interest and property, subject to the claim of dower; where the Probate Court is incompetent to any other purpose of partition, a jurisdiction to assign dower would be as inexpedient, as it is unnecessary." Accordingly in the Revised Statutes the jurisdiction of the Judge of Probate is extended only to cases, "where her right of dower is not disputed by the heirs or devisees." It may be said, that no heir or devisee disputes her right of dower in this case. The person who does, claims title under an heir; and the intention of the statute was not to refuse the jurisdiction because a particular person disputed the right, but because the right was disputed by the owner of the land, out of which the dower was claimed. There is another difficulty. It was not the intention to submit any question of title to the decision of the Judge of Probate. And the defendant denies the right of dower in such a manner

French *v.* Crosby.

that the question, whether the widow was legally evicted by an elder and better title, may arise.

The fourteenth section declaring, that "she may be endowed anew in like manner," was not intended to authorize the same court to assign dower anew, but only to declare her rights. It appears therefore, that the Judge of Probate had no jurisdiction over the case, and the decree must be affirmed with costs.